**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dartanian L. LEWIS, Defendant–**
**Appellant.**

**No. 03–2324.**

United States Court of Appeals,
Seventh Circuit.

Argued March 3, 2004.

Decided March 16, 2004.

Mel S. Johnson, Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff-Appellee.

---

Andrew J. McGowan, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

ORDER

While conducting a traffic stop of a vehicle occupied by Dartanian Lewis and two other men, police found a handgun under the car. Lewis, the front-seat passenger, was arrested for possession of a firearm by a felon and, owing to a small bag of crack cocaine that he allegedly threw at the arresting officer, possession of crack. At trial defense counsel sought to raise a doubt that it was Lewis who possessed the gun by offering documents suggesting that the driver of the car had a motive for disposing of a gun. The court excluded the evidence. Lewis was acquitted of the drug charge but convicted of the firearm charge and sentenced to 63 months' imprisonment. He challenges only the evidentiary ruling, and we affirm.

Lewis and another man were riding in a car driven by Dwight Vaughn when it was pulled over by Milwaukee, Wisconsin, police officer Jerry Whitely because of the excessive volume of the car radio. Vaughn exited before Whitely approached, dropping his cell phone under the car as he did so. The officer ordered Vaughn back into the car but allowed him first to retrieve the phone. After Whitely determined that Vaughn's license had been revoked and while waiting for back-up officers to arrive, he ordered Vaughn back out of the car, searched him, and placed him in his squad car. After another squad arrived, both Lewis and the third man, who had been sitting directly behind Lewis, were searched and placed in the police cars. The police searched the area and found a gun on the pavement approximately one foot under the car on the passenger's side, closer to the front of the car than the back. One of the assisting officers, Bucholtz, retrieved a small bag of crack cocaine in the area of the car.

Lewis was charged with possession of crack, 21 U.S.C. § 844(a), and, because he had a state felony conviction for manufacture or delivery of cocaine, possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). It is unclear whether Vaughn or the rear-seat passenger were charged with any crime.

At trial Officer Whitely testified to the version of events recounted above. He also testified that all the men in the car had felony convictions, as well as his recollection that during the stop he arrested the driver, Vaughn, on an unrelated charge of bail jumping. Another witness, an Army recruiting sergeant who was in the area, testified that as Vaughn was exiting the car immediately after the stop he saw Lewis open his door and move around, then he saw a gun drop from the door. As it lay on the ground, the sergeant continued, he saw a foot drop down from Lewis's door and kick the gun under the car. Although the sergeant believed the gun was dropped by the passenger in the front seat, he conceded on cross-examination that "anything is possible" when asked whether it could have come from the back.

The defense did not present any witnesses nor did Lewis testify. Instead, he offered copies of three documents pertaining to a state criminal case pending against Vaughn at the time of the traffic stop. The first was Vaughn's bond release form, the second a docket sheet containing the conditions of release including a prohibition on possessing drugs or firearms, and the third a criminal complaint charging Vaughn with possession of cocaine as a second or subsequent offense. The prosecution objected, arguing that the evidence was overly prejudicial because the jury

would infer that Vaughn was acting in conformity with his past behavior and that this prejudice outweighed the documents' limited probative value given Officer Whitely's testimony that all three men had felony convictions. The defense countered that it wished to introduce the evidence only to establish that Vaughn was on bond and was specifically prohibited from having a firearm, thus suggesting his motive for discarding a gun. Alternatively defense counsel proposed that the court could take judicial notice of the documents and instruct the jury that Vaughn had been charged with a crime and conditionally released on bond. The court gave the parties an opportunity to stipulate regarding the admission of the documents, but after they could not reach an agreement, the court concluded that "[t]he probative value of [the documents] ... is minimal compared to the unfair prejudice to the Government if the document is received without redaction or limitation."

Evidence of Vaughn's "other crimes" would have been relevant for defensive purposes if alone or with other evidence it tended to negate Lewis's guilt for either the gun- or drug-possession charges. *United States v. Reed*, 259 F.3d 631, 634 (7th Cir.2001); *Agushi v. Duerr*, 196 F.3d 754, 760 (7th Cir.1999); *see generally United States v. Stevens*, 935 F.2d 1380, 1401–05 (3rd Cir.1991) (collecting cases). Often referred to as "reverse 404(b)" evidence because it is being used to exonerate, rather than incriminate, a defendant, *United States v. Wilson*, 307 F.3d 596, 601 (7th Cir.2002), the documents–if relevant–would have been admissible so long as their probative value was not substantially outweighed by considerations such as unfair prejudice, waste of time, or confusion of the issues, *Stevens*, 935 F.2d at 1405; Fed.R.Evid. 401, 403. Although the district court balanced these considerations when deciding to exclude the documents, it need not have gone even this far because

Lewis's proposed evidence was not relevant in the first place.

Lewis argues that the excluded documents were relevant because they would have shown that Vaughn was prohibited by his bond conditions from possessing a firearm and thus had a motive for disposing of the gun. Lewis recognizes that Whitely testified that Vaughn was on bail when stopped but contends that because this fact was not firmly established the documents were needed for extra support. Establishing Vaughn's motive for disposing of a gun, he argues, would have added strength to the theory of defense argued at closing that it was not he but Vaughn who possessed the gun. But Lewis does not show how having a motive for disposing of a gun makes it more likely that Vaughn actually possessed one. As the government points out, "[a]bsent some additional evidence linking Vaughn to the gun, evidence bearing upon his motive for disposing of it is not relevant." *See* David McCord, *But Perry Mason Made It Look So Easy: The Admissibility of Evidence Offered By A Criminal Defendant To Suggest That Someone Else Is Guilty*, 63 Tenn. L.Rev. 917, 952–54 (1996) (noting that even strong motive evidence is not probative unless accompanied by proof that individual had opportunity to act on it).

We agree with the government. Because the documents do not tend "to negate [Lewis's] guilt of the crime" but merely suggest a motive for another to dispose of (but not possess) a gun, they were irrelevant and thus inadmissible. *See Reed*, 259 F.3d at 634; *Stevens*, 935 F.2d at 1404. Lewis did not offer any evidence suggesting that Vaughn ever possessed the gun or explain why the documents are relevant, stating only that "I'm offering them to show ... that Mr. Vaughn had a motive and a reason not to want any weapons or substances found in his vehicle." Nor would Lewis's docu-

ments rebut the evidence, including the witness testimony and proximity of the gun to his seat, that pointed to his possession of the gun. *See United States v. Lane,* 267 F.3d 715, 720 (7th Cir.2001) ("[B]ecause [defendant's] motive fails to address either the possession element or the knowledge requirement, it is irrelevant."). Also problematic is Lewis's failure to explain how the bond conditions would have shown that Vaughn had a greater motive than the motive the other passengers in the car shared as felons to distance themselves from the gun. In short, because Lewis never showed how the documents would have made the relevant fact of consequence–his possession of the gun–any less probable, *see* Fed.R.Evid. 401, the district court did not abuse its discretion by excluding them, *see United States v. Walton,* 217 F.3d 443, 449 (7th Cir.2000).

AFFIRMED.